IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUSTAVO BERMUDEZ-VANEGAS,<br>    Petitioner<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br>    Respondents | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:     No. 1:21-cv-981<br><br>(Judge Kane) |

**MEMORANDUM**

This is a habeas corpus case under 28 U.S.C. § 2241 in which pro se Petitioner Gustavo Bermudez-Vanegas ("Bermudez-Vanegas") seeks time credit towards his federal sentence for time that he spent in a prison in Colombia while awaiting extradition to the United States. Respondent has filed a suggestion of mootness based on Bermudez-Vanegas's release from federal custody. For the reasons that follow, the Court will dismiss the petition as moot.

**I.    BACKGROUND**

On January 6, 2021, Bermudez-Vanegas initiated this case through the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of New York, seeking time credit towards his federal sentence for time that he spent in a prison in Colombia while awaiting extradition to the United States. (Doc. No. 1.) The case was transferred to this district on June 1, 2021. (Doc. No. 9.) Respondent responded to the petition on July 1, 2021. (Doc. No. 14.)

On February 7, 2022, Respondent filed a suggestion of mootness, noting that Bermudez-Vanegas was released from federal custody on September 24, 2021 and asserting that his petition is therefore moot. (Doc. No. 15.) The Court issued an order on February 10, 2022, requiring Bermudez-Vanegas to respond to the suggestion of mootness on or before March 10, 2022.

(Doc. No. 16.) Bermudez-Vanegas has not responded, and the deadline for doing so has now expired.

## II. DISCUSSION

Article III of the Constitution limits federal judicial power to actual cases or controversies. A case is moot when it no longer presents a live case or controversy. See, e.g., Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020). A petition for writ of habeas corpus "generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." See id. (citing Defoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005)). For a petitioner to obtain judicial review of a conviction or sentence after the petitioner has been released from custody, the petitioner must show that he "continues to suffer from secondary or collateral consequences of his conviction." See id. (citing Chong v. Dist. Dir., INS, 264 F.3d 378, 384 (3d Cir. 2001)).

Collateral consequences are presumed when "the defendant is attacking his conviction while still serving the sentence imposed for that conviction" or when "the defendant is attacking that portion of his sentence that is still being served." See Burkey v. Mayberry, 556 F.3d 142, 148 (3d Cir. 2009) (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)). "Where, however, the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven." Id. (citing United States v. Cottman, 142 F.3d 160, 165 (3d Cir. 1998)).

In this case, Bermudez-Vanegas's petition seeks time credit towards his federal sentence for time that he spent in a prison in Colombia while awaiting extradition to the United States. (Doc. No. 1.) Thus, Bermudez-Vanegas is attacking a sentence that has already been served, and in such a situation, "collateral consequences will not be presumed, but must be proven." See

Burkey, 556 F.3d at 148.  Bermudez-Vanegas has not stated any collateral consequences that he continues to suffer as a result of his sentence, and the Court gave him a specific opportunity to do so.  Accordingly, Bermudez-Vanegas has failed to prove collateral consequences of his sentence, and his petition is moot.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss this case as moot.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania